Robert S. Green (State Bar No. 136183)
Lesley E. Weaver (State Bar No. 191305)
**GREEN & NOBLIN, P.C.**
700 Larkspur Landing Circle, Suite 275
Larkspur, CA  94939
Telephone:  (415) 477-6700
Facsimile:  (415) 477-6710
Email:  gnecf@classcounsel.com

Attorneys for Plaintiffs

[Additional Counsel Appear on Signature Page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE 1 and JANE DOE 2<br><br>Plaintiffs,<br><br>vs.<br><br>SUCCESSFULMATCH.COM, a California Corporation<br><br>Defendant. | Case No.: 5:13-cv-03376-LHK<br><br>**DISCOVERY DISPUTE JOINT REPORT #1 RE: LOCATION OF 30(B)(6) DEPOSITION**<br><br>**Joint meeting:  Tuesday, May 6, 2014 at 4:00 p.m., offices of Kronenberger Rosenfeld, LLP, San Francisco, CA** |

Pursuant to the Honorable Howard R. Lloyd's Standing Order re Civil Discovery Disputes (the "Standing Order"), the parties to the above-captioned case submit this Discovery Dispute Joint Report No. 1 regarding the proper location for the Rule 30(b)(6) deposition of Defendant Successfulmatch.com based on the following information:

| | |
|---|---|
| Date of Joint Meeting | May 6, 2014 |
| Time of Joint Meeting | 4:00 p.m. |
| Location of Joint Meeting | Offices of Kronenberger Rosenfeld, LLP in San Francisco, CA |
| Length of Joint Meeting | 30 Minutes |
| Close of Discovery | April 23, 2015 |

**Lead Counsel certifies that they have complied with the Court's Standing Order re  Civil Discovery Disputes.

-1-

DISCOVERY DISPUTE JOINT REPORT #1
CASE NO. 5:13-cv-03376-LHK

**A.     Description of Dispute**

Defendant Successfulmatch.com operates several dating websites, including dating websites that cater to people with sexually transmitted diseases.  On July 19, 2013, Plaintiffs, who are former customers of Defendant, filed this lawsuit, alleging that Defendant had engaged in unlawful conduct by sharing Plaintiffs' dating profiles among multiple affiliated dating websites.

On April 4, 2014, Plaintiffs served Defendant with a notice of deposition of Defendant under Rule 30(b)(6), to occur in Larkspur, California.  Defendant's sole employee, Jason Du, resides in Chengdu, China.  Defendant objected to the deposition notice, arguing that the person most knowledgeable for the designated topics was Jason Du, and therefore, the deposition should take place in China.

**B.     Plaintiffs' Position**

Plaintiffs assert claims under California's Unfair Competition Law ("UCL") and Consumer Legal Remedies Act ("CLRA").  At its core, this case is about concealment of material information necessary to make an informed in light of the representations made.  Defendant runs 1,000 or more dating websites catering to a vulnerable population of people diagnosed with sexually transmitted diseases ("STDs").  Recognizing their needs, Defendant advertised each site as being an exclusive and private community where it would be safe for its members to interact and disclose their STD conditions.  It did not disclose on any of the sites, however, that there were around 1,000 different sites that each person's information would be posted on with a wide range of themes from kinky to swinging to ethnic and everything else one can imagine.  The question presented is whether an objective, reasonable person would want to know the number of sites and the names and themes of the sites their information would be posted on before they paid their money to become members.

Plaintiffs served a Rule 30(b)(6) Notice of Deposition on Defendant Successfulmatch.com.  A copy of the Notice is attached.  As indicated in prior discovery responses, the only individual who could be designated as the corporate representative is Jason

Du, who resides in China. The parties dispute whether the deposition should be taken in the Northern District of California or in China.

Although there is a general presumption that a corporation be deposed at its principal place of business, the factors that weigh against the presumption include:

- Location of counsel for parties in the forum district;
- The number of corporate representatives to be deposed;
- The likelihood of significant discovery disputes that would necessitate resolution by the court;
- Whether the person to be deposed often travels for business purposes; and
- The equities with respect to the claim and the parties' relationship.

*Lifetouch Nat'l Sch. Studios, Inc. v. Moss-Williams*, Case No. C10-05297 RMW (HRL), 2011 U.S. Dist. LEXIS 119604 (N.D. Cal. October 17, 2011), citing *Cadent v. 3M Unitek Corp.*, 232 F.R.D. 625, 628-29 (N.D. Cal. 2005).

In this case, the factors weigh in favor of conducting the deposition in this district. First, the equities weigh heavily in favor of conducting the deposition here. In this case, it was Defendant who selected the forum through a clause contained in its Terms of Service. As stated in the form of agreement drafted by Defendant and presented on a take it or leave it basis, "[Users of the website like Plaintiffs] and SM.com [Defendant] agree to submit to the personal and exclusive jurisdiction of the state courts located in Santa Clara County, California or the United States District Court for the Northern District of California." Accordingly, this case is more akin to the scenario that presumes a plaintiff will be required to make themselves available in the forum district because they selected the forum. Here, it was the Defendant that selected the forum, and it purports to apply to all users of its websites no matter where they are located in the world. Moreover, it would be incongruous to allow Defendant to select the forum, submit to personal and exclusive jurisdiction there, and then conclude that Defendant need not ever appear in that forum.

DISCOVERY DISPUTE JOINT REPORT #1
CASE NO. 5:13-cv-03376-LHK

The other factors similarly support Plaintiffs' position here. The counsel for both parties are located in this district. There is only one corporate representative to be deposed, so there would be fewer persons travelling to this district than would travel to China. Although difficult to pinpoint, there is a likelihood of significant discovery disputes that would necessitate resolution by the Court. There is evidence of representatives of Successfulmatch.com travelling to California for such things as the iDate Conference held in Beverly Hills, which is set for June in 2014.

In conclusion, Plaintiffs respectfully request that Defendant be ordered to appear for its Rule 30(b)(6) deposition within this District at the earliest date possible.

**C.     Defendant's Position**

For years, Plaintiffs' counsel has known that Defendant's sole employee, Jason Du, lives in Chengdu, China. By way of background, on October 12, 2011, Plaintiffs' counsel filed a related lawsuit on behalf of a class of California consumers in the Superior Court for Santa Clara County (the "State Action"). Since then, Plaintiffs' counsel has had numerous opportunities to take the deposition of Defendant. Plaintiffs' counsel has declined to do so. In fact, while Plaintiffs' counsel noticed the deposition of Defendant in the State Action, they subsequently withdrew that notice after Plaintiffs' counsel recognized their weak legal position to hale Mr. Du to California. Defendants are now essentially forum shopping the deposition of Mr. Du, believing that they can use this Court (rather than the Santa Clara Superior Court) to compel Defendant's sole employee to travel thousands of miles for a deposition in a forum of Plaintiffs' choosing. Not only does Plaintiffs' request contradict the well-established standard for the location of depositions, it is fundamentally unfair.

There is generally a strong presumption that foreign defendants should be deposed at their principal place of business or near their residence. *See S.E.C. v. Banc de Binary*, No. 2:13-CV-993-RCJ-VCF, 2014 WL 1030862 (D. Nev. Mar. 14, 2014). Thus, while the party noticing a deposition can unilaterally choose the place for deposing another party, as a general rule a corporate party should be deposed at its principal place of business. *See Cadent Ltd. v. 3M*

*Unitek Corp.*, 232 F.R.D. 625, 628 (C.D. Cal. 2005). Thus, under Rule 26(c), a court can enter a protective order after evaluating the "undue burden or expense" that would be placed on a foreign deponent who would be forced to travel for a deposition. *See id.* In evaluating the burden and expense on the deponent, a court should consider the relevant facts, select the most appropriate place for the deposition, and determine what justice requires with regard to payment of expenses and attorneys' fees. *See id.*

As Plaintiffs note in their position statement, courts consider the following factors in evaluating the location for the deposition of a foreign defendant:

- Location of counsel for the parties in the forum district,
- The number of corporate representatives a party is seeking to depose,
- The likelihood of significant discovery disputes arising which would necessitate resolution by the forum court;
- Whether the persons sought to be deposed often engage in travel for business purposes; and
- The equities with regard to the nature of the claim and the parties' relationship.

*See Cadent Ltd.*, 232 F.R.D. at 628. Evaluating these factors, courts in the Ninth Circuit have routinely adopted the general presumption that the deposition of a foreign corporate defendant should be conducted at the corporation's principal place of business. *See Kelora Sys., LLC v. Target Corp.*, No. C 11-01548 CW LB, 2011 WL 3895303, *3 (N.D. Cal. Aug. 29, 2011) (finding there was no adequate reason to deviate from the general presumption of conducting deposition at foreign defendant's principal place of business); *Hardin v. Wal-Mart Stores, Inc.*, 08-CV-0617 AWI BAM, 2011 WL 11563217, **5-6 (E.D. Cal. Dec. 2, 2011) (declining request to conduct deposition in Fresno where there was no showing that the designee had traveled to the district)*; Fernandez v. Penske Truck Leasing Co., L.P.*, 2:12-CV-00295-JCM, 2013 WL 438669, **1-2 (D. Nev. Feb. 1, 2013) *objections overruled*, 2:12-CV-295 JCM GWF, 2013 WL 2405297, *3 (D. Nev. May 31, 2013) (finding that proper location for Rule 30(b)(6) deposition was defendant's principal place of business in Pennsylvania); *Calderon v. Experian Info.*

*Solutions, Inc.*, 287 F.R.D. 629, 636 (D. Idaho 2012) *aff'd*, 290 F.R.D. 508 (D. Idaho 2013) ("Considering the burden on the individual dispute agents that would result from being required to attend a deposition within the United States, the Court agrees that Santiago, Chile is the preferable location for these depositions.")

Plaintiffs ask the Court to deviate from the general presumption that the deposition of a foreign corporate defendant should be conducted at the corporation's principal place of business.  Plaintiffs have not met their burden, as the relevant factors are mixed, and a viable alternative exist for Plaintiffs instead of requiring Mr. Du to travel to California from China.

- <u>Location of Counsel</u>:  Because all of the parties' attorneys are located in this district, this factor weighs in favor of Plaintiffs' position.

- <u>Number of Corporate Representatives</u>:  Because Jason Du will likely be the only corporate representative for Defendant, this factor also weighs in favor of Plaintiffs' position.

- <u>Number of Likely Discovery Disputes</u>:  There are not likely to be any discovery disputes arising from the deposition of Defendant.  Defendant has already produced several sets of documents and discovery responses in the State Action, and Defendant's counsel has worked cooperatively with Plaintiffs' counsel to resolve any discovery disputes.  Moreover, the parties have agreed to protective orders in this action and the State Action to safeguard the parties' confidential information.  Thus, this factor weighs in favor of Defendant's position.

- <u>Representative's Lack of Travel to Forum</u>:  Mr. Du does not regularly engage in travel to the United States, he has not travelled to California for several years, and he has no plans to travel to the United States in the next year (at the Court's request, Defendant will submit a declaration by Mr. Du corroborating this statement, but has not done so at this time so as to comply with Section 2.D.iv of the Standing Order).  Thus, this factor weighs in favor of Defendant's position.

- <u>The Equities</u>:  The equities favor Defendant's position for several reasons.  First, Mr. Du lives thousands of miles away, and it would impose a significant personal burden on Mr. Du to travel to California for the deposition (at the Court's request, Defendant will submit a

-6-

DISCOVERY DISPUTE JOINT REPORT #1
CASE NO. 5:13-cv-03376-LHK

00086749.000.docx

1  declaration by Mr. Du corroborating this statement, but has not done so at this time so as to
2  comply with Section 2.D.iv of the Standing Order).  Second, Plaintiffs and Plaintiffs' counsel
3  chose to file this lawsuit, and as such, they should bear some responsibility in litigating it;
4  requiring Plaintiffs to incur the single expense of travelling to China is relatively minor when
5  compared to the scope of the relief that Plaintiffs seek in their lawsuit.  In fact, as putative class
6  representatives and putative class counsel, Plaintiffs and their counsel have acknowledged that
7  they have a fiduciary obligation to represent the class zealously, and that they have the resources
8  to do so.  If Plaintiffs' counsel are not prepared to take one trip out of the District to depose the
9  Defendant, it raises significant concerns about their commitment to the case and to the class
10 they purport to represent.  Third, the Court already dismissed Plaintiffs' complaint, and a motion
11 to dismiss Plaintiffs' First Amended Complaint is forthcoming.  Thus, serious questions exist as
12 to whether Plaintiffs can state any viable claim.  Requiring Defendant to travel from China in
13 connection with a lawsuit that may well be dismissed at the pleading stage does not make
14 economic sense.  Finally, Plaintiffs have sought to game the system to compel Defendant's
15 deposition in the District.  To wit, Plaintiffs served Defendant with a notice of deposition in the
16 State Action.  When Defendant objected to the notice and proposed conducting the deposition
17 by videoconference, Plaintiff withdrew that notice and issued a new notice of deposition in this
18 federal action.  All of these equities weigh against compelling Mr. Du to travel from China.

19       As a final point, during the meet-and-confer process, Defendant proposed conducting the
20 deposition of Mr. Du by videoconference.  *See Kelora Sys., LLC*, 2011 WL 3895303 at *3
21 (finding that video conference depositions should not present overwhelming difficulties).
22 Plaintiffs declined this option, arguing that such a process would not work well.

23       In summary, there is no adequate reason to deviate from the general presumption that the
24 deposition of the Defendant's designee should be conducted at Defendant's principal place of
25 business.

26 //
27 //
28

DISCOVERY DISPUTE JOINT REPORT #1
CASE NO. 5:13-cv-03376-LHK

**D.     Defendant's Most Reasonable Proposal**

Defendant proposes the following:  Plaintiff can conduct the deposition of Mr. Du by videoconference.  Chengdu, China is a major city in China with approximately 7,000,000 people.  The parties should have no difficulty finding a facility in Chengdu that offers videoconferences.  Defendant's counsel will work with Plaintiffs' counsel to ensure that the videoconference facility functions properly and that the facility receives all of the potential exhibits to the deposition before the deposition begins.

If, despite Defendant's argument, the Court is inclined to compel Mr. Du to travel to California, Defendant requests that the Court: a) delays the deposition until after the resolution of Defendant's anticipated motion to dismiss, and b) requires Plaintiffs to pay for all of Mr. Du's travel expenses.

DATED:  May 20, 2014                    **GREEN & NOBLIN, P.C.**


By:   /s/ Lesley E. Weaver
         Lesley E. Weaver

700 Larkspur Landing Circle, Suite 275
Larkspur, CA 94939
Telephone: (415) 477-6700
Facsimile: (415) 477-6710

Enrico Schaefer
**TRAVERSE LEGAL**
810 Cottageview Drive, G20
Traverse City, MI 49684
Telephone:  (231) 932-0411

Robert Kleinman
**KLEINMAN LAW FIRM, PLLC**
404 West 7th Street
Austin, TX 78701
Telephone: (512) 299-5329
Facsimile: (512) 628-3390
Email: Robert@kleinmanlawfirm.com

Attorneys for Plaintiffs

| | |
|---|---|
| DATED:  May 20, 2014 | **KRONENBERGER ROSENFELD, LLP** |
| | By:  /s/ Jeffrey M. Rosenfeld |
| |         Jeffrey M. Rosenfeld |
| | 150 Post Street, Suite 520 |
| | San Francisco, CA  94108 |
| | Tel:  (415) 955-1155 |
| | Fax: (415) 955-1158 |
| | Email:  jeff@KRInternetLaw.com |
| | Attorneys for Defendant |

DISCOVERY DISPUTE JOINT REPORT #1
CASE NO. 5:13-cv-03376-LHK

00086749.000.docx

1 | Robert S. Green (State Bar No. 136183)
**GREEN & NOBLIN, P.C.**
2 | 700 Larkspur Landing Circle, Suite 275
Larkspur, CA 94939
3 | Telephone: (415) 477-6700
Facsimile: (415) 477-6710
4 | Email: gnecf@classcounsel.com

5 | Attorneys for Plaintiffs

6 | [Additional Counsel Appear on Signature Page]

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| JANE DOE 1 and JANE DOE 2 | Case No.: 5:13-cv-03376-LHK |
| Plaintiffs, | **NOTICE OF RULE 30(b)(6) DEPOSITION OF SUCCESSFULMATCH.COM** |
| vs. | |
| SUCCESSFULMATCH.COM, a California Corporation | DATE: April 24, 2014<br>TIME: 9:00 a.m.<br>PLACE: Green & Noblin, P.C.<br>700 Larkspur Landing Circle<br>Suite 275<br>Larkspur, CA 94939 |
| Defendant. | |

NOTICE OF RULE 30(B)(6) DEPOSITION OF PERSON(S) MOST KNOWLEDGEABLE
CASE NO. 5:13-cv-03376-LHK

**TO DEFENDANT SUCCESSFULMATCH.COM AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to pursuant to Fed. R. Civ. P. 30(b)(6) attorneys for Plaintiffs will take the deposition of SUCCESSFULMATCH.COM at the offices of Green & Noblin, P.C., 700 Larkspur Landing Circle, Suite 275, Larkspur, California 94939 beginning at 9:00 a.m. on April 24, 2014.

SUCCESSFULMATCH.COM shall designate and produce a deponent or deponents, as may be required, to testify concerning the following matters:

1.  The source and use of the language in the Terms & Conditions of Service (including in particular, Section 3 and Section 4.3), attached as Exhibit A to the Complaint that is attached as Exhibit 1 to Defendant Successfulmatch.com's Request for Judicial Notice in Support of Motion to Dismiss Complaint or in the Alternative to Strike Class Allegations, filed in this action on December 2, 2013.

2.  The identity of the person or persons who created the design elements and language used on the positivesingles.com website as it existed on the home page and the registration page during the time period from January 2008 through the present, including any changes made to the website in 2013.

3.  The technology used to allow profiles on positivesingles.com to be shared with other sites within the SuccessfulMatch Network.

4.  Each process by which information entered by a member into any of the affiliated websites would be available to users registered with any of the other affiliated websites during the time period from January 2008 to March 2013.

5.  The analytics used by Successfulmatch.com to manage information and usage of positivesingles.com.

6.  Any efforts by Successfulmatch.com to learn about privacy concerns of users of internet dating sites in general and sexually transmitted disease related dating sites in particular, at any time from January 2008 to March 2013.

7.  The identity of every person who was authorized to submit entries on Positivesingles.com blogs under the screen name John Test or any variation thereof.

1        The deposition will be recorded stenographically and may be recorded using audio
2  and/or visual technology, and will continue day to day until completed. The deposition may be
3  conducted using instant visual display technology as set forth in California Code of Civil
4  Procedure section 2025.220(a)(5).

6  DATED: April 4, 2014                 **GREEN & NOBLIN, P.C.**

8  By: /s/ Robert S. Green
9                                  Robert S. Green

10 James Robert Noblin
   Lesley E. Weaver
11 700 Larkspur Landing Circle, Suite 275
   Larkspur, CA 94939
12 Telephone: (415) 477-6700
   Facsimile: (415) 477-6710
13

14 Enrico Schaefer
   **TRAVERSE LEGAL**
15 810 Cottageview Drive, G20
   Traverse City, MI 49684
16 Telephone: (231) 932-0411

17
   Robert Kleinman
18 **KLEINMAN LAW FIRM, PLLC**
   404 West 7th Street
19 Austin, TX 78701
   Telephone: (512) 299-5329
20 Facsimile: (512) 628-3390
   Email: Robert@kleinmanlawfirm.com
21

22 Attorneys for Plaintiffs

-2-
NOTICE OF RULE 30(B)(6) DEPOSITION OF PERSON(S) MOST KNOWLEDGEABLE
CASE NO. 5:13-cv-03376-LHK

I, Ryan J. Sullivan, hereby declare as follows:

I am employed by Green & Noblin, P.C. 700 Larkspur Landing Circle, Suite 275, Larkspur, CA 94939. I am over the age of eighteen years and am not a party to this action. On April 4, 2014, I served the within document(s):

**NOTICE OF RULE 30(B)(6) DEPOSITION OF PERSON(S) MOST KNOWLEDGEABLE**

☒ by placing the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Francisco, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by causing personal delivery by Western Attorney Services of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by depositing the document(s) listed above in a sealed envelope with delivery fees provided for a FedEx pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by transmitting via facsimile the above listed document(s) to the fax number(s) set forth below on this date.

☐ by electronic transmission of a PDF attachment of the above listed document(s) via the firm's email program to the email address(es) set forth below on this date.

Virginia A. Sanderson
Alison Kwan
Kronenberger Rosenfeld, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
Tel: (415) 955-1155
Fax: (415) 955-1158
Email: ginny@krinternetlaw.com
Alison@KRInternetLaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed April 4, 2014, at Larkspur, California.

_____
Ryan J. Sullivan

-3-
NOTICE OF DEPOSITION OF PERSON(S) MOST KNOWLEDGEABLE
CASE NO. 1-11-CV-211205