UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE 1 and JANE DOE 2,<br><br>Plaintiffs,<br><br>v.<br><br>SUCCESSFULMATCH.COM, a California Corporation,<br><br>Defendant. | Case No.  5:13-cv-03376 LHK (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>[Re:  Dkt. 32] |

Defendant Successfulmatch.com operates several dating websites, including PositiveSingles.com, which focuses on persons with sexually transmitted diseases.  Plaintiffs, who are former members of PositiveSingles.com, claim that defendant shared their dating profiles among multiple affiliated websites and fraudulently and deceptively failed to disclose that their profiles could be viewed on those affiliated sites.  They sue for themselves and on behalf of a putative class of non-California residents who registered for use of the PositiveSingles.com website or any other website indicating that it was "Powered by PositiveSingles.com" during the four year period prior to March 15, 2013.

Plaintiffs served a Fed. R. Civ. P. 30(b)(6) notice for defendant's deposition to take place in Larkspur, California.  Defendant's sole employee, Jason Du, will testify on behalf of the company.  Du lives in Chengdu, China.  At issue in Discovery Dispute Joint Report (DDJR) No. 1 is whether Du should be deposed in Larkspur or in Chengdu.  The matter is deemed suitable for

1  determination without oral argument.  Civ. L.R. 7-1(b).  Upon consideration of the parties'
2  respective arguments, this court concludes that Du should be deposed here.

3  Ordinarily, corporate designees presumptively will be deposed at the corporation's
4  principal place of business.  Fausto v. Credigy Services Corp., 251 F.R.D. 427, 429 (N.D. Cal.
5  2008).  Even so, that is not an absolute rule; and, "[a] district court has wide discretion to establish
6  the time and place of depositions."  Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir. 1994).
7  "And because of the court's discretion to designate the site of a deposition, the presumption
8  appears to be merely a decision rule that facilitates determination when other relevant factors do
9  not favor one side over the other."  Custom Form Mfg., Inc. v. Omron Corp., 196 F.R.D. 333, 336
10 (N.D. Ind. 2000) (citations omitted).  When making such determinations, courts consider the
11 relative convenience of and hardships to the parties.  Fausto, 251 F.R.D. at 429.  Relevant factors
12 include the location of counsel for both parties, the number of corporate representatives a party
13 seeks to depose, whether the deponent often travels for business purposes, the likelihood of
14 significant discovery disputes arising which would require resolution by the forum court, and the
15 equities with respect to the nature of the claims and the parties' relationship.  See Cadent Ltd. v.
16 3M Unitek Corp., 232 F.R.D. 625, 628-29 (C.D. Cal. 2005).  "Accordingly, [c]orporate defendants
17 are frequently deposed in places other than the location of the principal place of business,
18 especially in the forum [where the action is pending], for the convenience of all parties and in the
19 general interests of judicial economy."  Id. at 629 (citations omitted; alterations in original).

20 Defendant represents to the court that Du does not regularly travel to the United States;
21 that he has no plans to travel to this country in the coming year; and that he has not traveled to
22 California for several years.  These considerations favor defendant, but this court finds that they
23 are outweighed by the other factors.

24 Counsel for both sides are located in this district, and Du is the only corporate designee to
25 be deposed.  Defendant represents that traveling here will impose a significant personal burden on
26 Du; and, it contends that since plaintiffs chose to file this lawsuit, they should bear the burden of
27 incurring the expense of a trip to China.  But, it was defendant that selected this forum through a
28 clause in its Terms of Service, which, plaintiffs say, are presented to users of defendant's website

2

on a take-it-or-leave-it basis: "The Agreement and the relationship between you and SM.com shall be governed by the laws of the State of California without regard to its conflict of law provisions. You and SM.com agree to submit to the personal and exclusive jurisdiction of the state courts located in Santa Clara County, California or the United States District Court for the Northern District of California." (Second Amended Class Action Complaint, Dkt. 61 ¶ 9). This clause evidently was meant to apply to any user of defendant's websites, no matter where they are located in the world.[1] Moreover, the gist of plaintiffs' claims is that defendant made partial representations that were misleading or deceiving, including in its Terms of Service, as to the privacy, exclusivity, or confidentiality of users' profiles. The equities with respect to the nature of the claims and the parties' relationship weigh in plaintiffs' favor.[2]

Defendant argues that plaintiffs' disinclination to travel to China "raises significant concerns about their commitment to the case and to the class they purport to represent." (Dkt. 32 at 7). For purposes of resolving this discovery dispute, that argument is overblown--and irrelevant. As noted, the overarching concerns in determining where a deposition should proceed are the convenience of all parties and the general interests of judicial economy. And, the federal rules "should be construed and administered to secure the just, speed, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

While the parties do not anticipate a high likelihood of disputes that would require resolution by the forum court, if any such disputes were to arise, matters would be considerably more complicated if the deposition were to proceed in China---either in person or by videoconference. Defendant maintains that conducting the deposition by videoconference is the most efficient means of deposing Du. See Fed. R. Civ. P. 30(b)(4) ("The parties may stipulate---

---

[1] Plaintiff Jane Doe 1 says she is a Canadian resident, and plaintiff Jane Doe 2 says that she is a resident of Washington state.

[2] Defendant points out that a similar suit has been filed in Santa Clara Superior Court on behalf of a class of California residents who registered with PositiveSingles.com or any of defendant's affiliate websites. Defendant claims that plaintiffs' counsel engaged in gamesmanship by noticing defendant's deposition in the state case, but then withdrawing that notice upon defendant's objection, and then issuing a new notice of deposition in the instant action. This court sees nothing wrong with plaintiffs' efforts in pursuing defendant's deposition through legitimate discovery tools available under the Federal Rules of Civil Procedure.

or the court may on motion order---that a deposition be taken by telephone or other remote means."). But, for purposes of enforcing discovery, a deposition taken by telephonic or other remote means is deemed to take place where the deponent answers the questions. Fed. R. Civ. P. 30(b)(4). No one addresses the potential foreign sovereignty and comity issues that are implicated when a court orders that a deposition proceed overseas. Custom Form Mfg., Inc., 196 F.R.D. at 336. Cf. Calderon v. Experian Information Solutions, Inc., 287 F.R.D. 629, 635-636 (D. Idaho 2012) (ordering depositions to proceed in Chile where, among other things, the defendant did not identify any aspect of Chilean law that would preclude the taking of the depositions in Chile and the plaintiff submitted an affidavit of a Chilean legal expert who averred that conducting a deposition via notice, as opposed to subpoena, on Chilean soil would not violate Chilean law). Thus, this court declines to order that the deposition proceed by videoconference and finds "that the best way to protect the discovery process in this case, and the best way to avoid sovereignty issues that might otherwise arise, is to compel that the Rule 30(b)(6) depositions of defendant['s] employees take place in the United States." Custom Form Mfg., Inc., 196 F.R.D. at 337.

Based on the record presented, and after weighing competing legitimate interests and possible prejudice, the court finds that it will be less costly and disruptive to have the deposition proceed in Larkspur, California, than to have the deposition proceed in China. As for the question of which side should bear the necessary expenses---defendant having chosen this forum, it shall bear the entire cost of Du's travel and lodging.

Finally, this court notes that at the time DDJR No. 1 was filed, the pleadings were not yet settled. However, plaintiffs recently filed their second amended complaint, and defendant has answered. Accordingly, this court denies as moot defendant's request for an order delaying the deposition until after anticipated motions to dismiss are resolved.

**SO ORDERED**.

Dated:   November 5, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

5:13-cv-03376-LHK Notice has been electronically mailed to:

James Robert Noblin    gnecf@classcounsel.com

Lesley Elizabeth Weaver    gnecf@classcounsel.com, lew@classcounsel.com

Robert S. Green    gnecf@classcounsel.com

Virginia Anne Sanderson    ginny@KRInternetLaw.com